MATILDA RIDDICK WILLIAMS, MARTHA RIDDICK HUNTER, AND WILL RIDDICK, HEIRS, SAME BEING MAVIN RIDDICK, BEATRICE WILLIAMS, MARTHA JANE WILLIAMS AND EMMA GRIFFIN, DECEASED, HEIRS; CHRISTINA DURHAM, EULA ROACH, DOROTHY McDANIEL, RUTH ........................, AND GERTRUDE WHITE, DECEASED, HEIRS WHICH ARE DAVID LEE WHITE, ALEXANDER MAE WHITE, JOE LOUIS WHITE, ARTHUR LEE WHITE, EMMA WHITE, AND SAM WHITE; KINNEY RIDDICK, DECEASED, HEIRS, AND C. L. GRIFFIN v. W. D. SHARBER.

(Filed 21 September, 1955.)

APPEAL by plaintiffs from *Clifton L. Moore, Judge,* March Term, 1955, of PASQUOTANK.

Civil action to establish title to 2.4 acres of woodland and to recover damages for trespass.

Robert Riddick's Will, under which both plaintiffs and defendant claim, disposes of the testator's tract of 42.7 acres in these provisions, viz.:

WILLIAMS *v.* SHARBER.

"ITEM FIRST: I give and devise to my beloved wife and her two children all of the land where I now live except that part of the same in wood on the south end of same from my back gate that is next to Milton Eason heirs and the use of wood for firewood purpose of any or all of the woods I now own.

"ITEM SECOND: I give and devise to my three older children, Will Riddick, Martilda Williams (nee Riddick) and Martha Hunter (nee Riddick) all of the remainder of my real estate share and share alike."

Plaintiffs, children of testator's first wife, claim title to the 2.4 acres under ITEM SECOND. Defendant contends that title thereto passed under ITEM FIRST to testator's second wife and her two children; and that he has acquired such title by purchase.

The sole question is whether the 2.4 acres was included in or excepted from the devise made to the second wife and her two children in ITEM FIRST.

Upon waiver of jury trial, the court heard the evidence and found the facts. The findings identify by metes and bounds the lands devised in ITEM FIRST and in ITEM SECOND. Upon these findings, judgment was entered for defendant. Plaintiffs excepted and appealed.

*Robert B. Lowry and John H. Hall for plaintiffs, appellants.*
*Worth & Horner for defendant, appellee.*

PER CURIAM. All of testator's land was devised to his wife and her two children by ITEM FIRST *except* "that part of the same in wood on the south end of same from my back gate that is next to Milton Eason heirs." The court, upon competent evidence, found that the land specifically excepted from this devise does not embrace the 2.4 acres but is a different portion of testator's 42.7 acre tract. These findings, which are conclusive, control decision. The judgment predicated thereon is

Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.